KELLY BABINEAU (SBN 190418)
ATTORNEY AT LAW
901 H Street, ste 203
Sacramento, CA. 95814
Tel. (916) 442-4948
Fax (916) 492-2909
E-Mail: kbabineau@klblawoffice.net

Attorney for Defendant
EFREN STEVE JIMENEZ

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GONZALO ESQUIVEL,<br>KENNETH HERNANDEZ,<br>EFREN JIMINEZ,<br>GUSTAVO MORENO,<br>DAVID TORRES.<br><br>　　　　Defendants. | )　No. 1:11-CR-00188 LJO<br>)<br>)　STIPULATION AND<br>)　ORDER CONTINUING STATUS<br>)　CONFERENCE AND MOTION<br>)　SCHEDULE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

　　　　IT IS HEREBY stipulated between the United States of America through its undersigned counsel, Kimberly Sanchez, Assistant United States Attorney, attorney for plaintiff, together with Kelly Babineau, attorney for defendant Efren Jiminez; Robert Cassio, attorney for defendant David Torres; David Fischer, attorney for defendant Gustavo Moreno; Kyle Knapp, attorney for defendant Kenneth Hernandez; and Steven Plesser, attorney for defendant Gonzalo Esquivel to move the status conference and motion hearing currently set for March 12, 2012 at 8:30 a.m. to be set for June 18, 2012 at 8:30 a.m. with a motion schedule set far enough to be realistic, as set forth below, and an intervening status conference in front of United States

1

Magistrate Judge Sheila K. Oberto on March 19, 2012, at 1:00 p.m. to confirm status of discovery and confirm the motion schedule. Counsel requests the intervening status conference date and the extended motion schedule and hearing in light of the case management plan set out by the Court and effective January 26, 2012.

This case is directly related to *US v. Herrera,* 11-CR-00186, as the defendants in both cases are involved in the same conduct and same discovery. It is anticipated that the government may file a motion to join the defendants at some point. As such, the issues relating to both cases are set forth below.

The discovery has come in stages, thus far totaling 3079 pages and 22 CDs of wiretap conversations in this matter. In addition there are an anticipated 34 CDs of wiretap conversations that are related to 1:11 *USA v. Salas,* which are relative to Felipe Gutierrez, but that have not been received as of yet. Mr. Gutierrez is a named defendant in *US. V. Herrera* (11-CR-001860.) Felipe Gutierrez extended a counteroffer to the Government in November and December, 2011. The Government has not yet been able to evaluate this offer due to complexities in the case. The counteroffer issued by Mr. Gutierrez would directly affect the question of whether Mr. Gutierrez would be filing motions in this matter. Should Mr. Gutierrez be required to file a wiretap motion, there is a possibility of utilizing an expert that is anticipated to be retained in another case involving Mr. Gutierrez, which would allow for a more efficient and cost-effective use this expert. As the status of Mr. Gutierrez' counteroffer and the other case in which he is charged becomes clearer, Mr. Gutierrez will be in a better position to evaluate the realistic necessity of motions in this matter. It is anticipated that additional discovery will be forthcoming as Assistant U.S. Attorney Sanchez responds to discovery requests in this matter and in 1:11-cr-00188 *USA v. Esquivel.* As of this date, Ms.

Sanchez is still working through the discovery requests and does not have an estimate of when and what discovery will be provided. All counsel have indicated that more time is necessary to evaluate the discovery that has been provided and all indicate a desire to look into whether joint motions, specifically a joint wiretap motion, would be possible to balance the best interest of each client with judicial economy.

Additionally, Ms. Radekin, counsel for Mr. Velasco, has had medical issues recently that have slowed her ability to work through the case. Ms. Radekin had surgery for a foot fracture on December 9, 2011. As of January 17, 2012, her status remains on restricted work duty because she has to keep the foot elevated. She has been unable to visit her client to discuss the possibility of motions due to a limited work schedule, recovering from surgery and being unable to travel. Her next doctor's appointment is January 31, 2012 and she is hoping to be released to work a full schedule at that time.

In addition, plea negotiations and further investigation is ongoing and may shape the necessity for pretrial motions. Counsel suggests that, if it were reasonable and practical for the Court, a status date be set in front of U.S. Magistrate Sheila K. Oberto to determine the status of discovery and confirm the motion schedule requested herein.

Counsel has conferred, and further stipulates to and requests that the Court order the following status dates, motion schedule and hearing date:

Status Conference in front of U.S. Magistrate Judge Sheila K. Oberto on March 19, 2012 at 1:00 p.m. to confirm status of discovery and motion schedule:

Motions to be filed on or before May 2, 2012;

Responses to be filed on or before June 4, 2012;

Replies to be filed on or before June 11, 2012;

Motion hearing/status conference: June 18, 2012 at 8:30 a.m.

The parties further stipulate and agree that should any party request an evidentiary hearing on any motion, the party will indicate such request in his/her pleading after consulting with the other parties as to their availability and whether there is any opposition to such a request.  Counsel agree that the time between the signing of the requested order and June 18, 2012 will be excluded from the speedy trial calculation pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B) in that defendants' and the public's interest in a speedy trial are outweighed by the interests of justice in permitting counsel adequate time to prepare for motions, and further action in the case, conduct additional investigation, engage in further plea negotiations, and for continuity of counsel such that all defendants' counsel may appear. Moreover, the parties previously agreed that due to the nature of the prosecution and the amount of discovery resulting from the investigation involving multiple wiretaps, pursuant to 18 U.S.C. § 3161(h)(7)(B), the case is complex.

Accordingly, the parties respectfully request the Court adopt this proposed stipulation.

Dated:  January 26, 2012                         /s/ Kelly Babineau for
                                                 KELLY BABINEAU
                                                 Attorney for Defendant
                                                 EFREN JIMINEZ

Dated:  January 26, 2012                         /s/ Kelly Babineau for
                                                 DAVID D. FISCHER
                                                 Attorney for Defendant
                                                 GUSTAVO MORENO

Dated:  January 26, 2012                         /s/ Kelly Babineau for
                                                 KYLE KNAPP
                                                 Attorney for Defendant
                                                 KENNETH HERNANDEZ

| | |
|---|---|
| Dated:  January 26, 2012 | /s/ Kelly Babineau for<br>ROBERT CASSIO<br>Attorney for Defendant<br>DAVID TORRES |
| Dated:  January 26, 2012 | /s/ Kelly Babineau for<br>STEVEN PLESSER<br>Attorney for Defendant<br>GONZALO ESQUIVEL |
| Dated:  January 26, 2012 | U.S ATTORNEY'S OFFICE |
| by: | /s/ Kelly Babineau for<br>KIMBERLY SANCHEZ<br>Assistant U.S. Attorney<br>Attorney for Plaintiff |

**ORDER**

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order.  Based on the stipulation of the parties and the recitation of facts contained therein, the Court finds that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in 18 U.S.C. § 3161.  In addition, the Court specifically finds that the case is complex and that a failure to grant a continuance in this case would deny defense counsel to this stipulation reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court finds that the ends of justice to be served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial.

The Court orders that the time from the date of the parties' stipulation, January 26, 2012, to and including June 18, 2012, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv), Local Code T4 (reasonable time for defense counsel to prepare), 18 U.S.C. §3161(h)(7)(B), and Local Code T2 (complex case).  It is further ordered that the following occur:

Status Conference in front of U.S. Magistrate Judge Sheila K. Oberto on March 19, 2012 at 1:00 p.m. to confirm status of discovery and motion schedule:

Motions to be filed on or before May 2, 2012;

Responses to be filed on or before June 4, 2012;

Replies to be filed on or before June 11, 2012;

Motion hearing/status conference: June 18, 2012 at 8:30 a.m.

IT IS SO ORDERED.

Dated:   **January 27, 2012**              /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE